**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  HOOKER           CAMERON           M
      (Last)            (First)        (Initial)

Prisoner Number  D-18324

Institutional Address  P.O. BOX 5248 (A3-178U)

CORCORAN, CA. 93212-5248

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CAMERON HOOKER
(Enter the full name of plaintiff in this action.)

vs.

KEN CLARK

(Enter the full name of respondent(s) or jailor in this action)

Case No. CV 08 2887
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**  (PR)

E-filing

FILED JUN 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland): SAN MATEO COUNTY SUPERIOR COURT, REDWOOD CITY

       Court                                    Location

   (b) Case number, if known  C-14661

   (c) Date and terms of sentence  NOV. 21, 85.  74 YEARS

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)     Yes  X     No ____

       Where?

       Name of Institution: CAL. SUBSTANCE ABUSE TREATMENT FACILITY

       Address: 900 QUEBEC AVE., P.O. BOX 7100, CORCORAN, CA. 93212

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

KIDNAPPING 207(a), USE OF A KNIFE 12022(b), 7 COUNTS OF RAPE 261(2), 1 COUNT ORAL COPULATION 288(a), 1 COUNT PENETRATION WITH A FOREIGN OBJECT 289(a), 1 COUNT SODOMY 286(a).

3. Did you have any of the following?

    Arraignment:                                     Yes __X__     No _____

    Preliminary Hearing:                        Yes __X__     No _____

    Motion to Suppress:                        Yes __X__     No _____

4. How did you plead?

    Guilty _____     Not Guilty __X__     Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__     Judge alone _____     Judge alone on a transcript _____

6. Did you testify at your trial?                 Yes __X__     No _____

7. Did you have an attorney at the following proceedings:

    (a)     Arraignment                       Yes __X__     No _____

    (b)     Preliminary hearing               Yes __X__     No _____

    (c)     Time of plea                       Yes _____     No _____

    (d)     Trial                                  Yes __X__     No _____

    (e)     Sentencing                          Yes __X__     No _____

    (f)     Appeal                               Yes __X__     No _____

    (g)     Other post-conviction proceeding     Yes __X__     No _____

8. Did you appeal your conviction?             Yes __X__     No _____

    (a)     If you did, to what court(s) did you appeal?

            Court of Appeal                          Yes __X__     No _____

            Year: __1988__     Result: __DENIED__

            Supreme Court of California     Yes __X__     No _____

            Year: __UNKNOWN__     Result: __DENIED__

            Any other court                        Yes _____     No __X__

            Year: _____     Result: _____

    (b)     If you appealed, were the grounds the same as those that you are raising in this

|   |   |   |   |   |
|---|---|---|---|---|
| | | petition? | Yes ____ | No __X__ |
| | (c) | Was there an opinion? | Yes ____ | No ____ |
| | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| | | | Yes ____ | No __X__ |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes __X__   No ____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.    Name of Court: SUPERIOR COURT, SAN MATEO COUNTY

            Type of Proceeding: HABEAS CORPUS PETITION

            Grounds raised (Be brief but specific):

            a. THE AMOUNT OF YEARS PETITIONER WAS SENTENCED

            b. TO IS INCORRECT.

            c. _____

            d. _____

            Result: DENIED    Date of Result: MAY 10, 07

      II.    Name of Court: FIRST APPELLATE DISTRICT, DIVISION 4

            Type of Proceeding: HABEAS CORPUS PETITION

            Grounds raised (Be brief but specific):

Grounds raised (Be brief but specific):

a. THE AMOUNT OF YEARS PETITIONER WAS SENTENCED
b. TO IS INCORRECT.
c. _____
d. _____

Result: DENIED       Date of Result: OCT 4, 07

III. Name of Court: SUPREME COURT OF CALIFORNIA

Type of Proceeding: HABEAS CORPUS PETITION

Grounds raised (Be brief but specific):

a. THE AMOUNT OF YEARS PETITIONER WAS SENTENCED
b. TO IS INCORRECT.
c. _____
d. _____

Result: DENIED       Date of Result: MAY 21, 08

IV. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____
b. _____
c. _____
d. _____

Result: _____       Date of Result: _____

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ____     No  X

Name and location of court: _____

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET FOR WRIT OF HAB CORPUS          5

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: THE AMOUNT OF YEARS PETITIONER WAS SENTENCED TO
6  IS INCORRECT.

7  Supporting Facts: Petitioner was convicted of 10 counts by a
8  jury on Oct. 31, 1985. Count I of Penal Code 207(a), kidnapping,
9  and Penal Code 12022(b), a knife enhancement. Count II, III,
10                         SEE ATTACHED PAGE

11  Claim Two:
12
13  Supporting Facts:
14
15
16
17  Claim Three:
18
19  Supporting Facts:
20
21
22

23  If any of these grounds was not previously presented to any other court, state briefly which
24  grounds were not presented and why:

25
26
27
28

PET. FOR WRIT OF HAB. CORPUS          6

1  **Claim One,**

2  **Supporting Facts, (continued):** IV, V, VI, VII of Penal Code

3  261(2), rape. Count IX of Penal Code 288(a), oral copulation.

4  Count X of 289(a), penetration with a foreign object. Count XI

5  of Penal Code 286(a), sodomy. Count IIX was dismissed after a

6  hung jury. On Nov. 21, 1985 the judge not the jury found

7  aggravation and sentenced Petitioner to the high term, 6 counts

8  of 261(a) at 8 years each, 1 count of 288(a) at 8 years, 1 count

9  of 289(a) at 5 years, one count of 286(a) at 8 years for a total

10 of 79 years. Without a jury's finding of aggravation the judge

11 could only give the middle term thus Petitioner's sentence must

12 be vacated and resentenced to the statutory maximum the judge

13 could given Petitioner in 1985.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Cunningham v. California, 127 S.Ct. 856

Do you have an attorney for this petition?           Yes_____   No_X_

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  5/26/08                              /s/ Cameron Hoehn
           Date                                    Signature of Petitioner

(Rev. 6/02)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name : CAMERON HOOKER v. KEN CLARK

Case No.  :

I declare:

I am a citizen of the United States, over the age of 18 years, and am a party of the within action. I am currently incarcerated at California Substance Abuse Treatment Facility & State Prison at Corcoran: P.O. Box 5248, Corcoran, California.

On 6/2/08, I served the attached **PETITION FOR WRIT OF HABEAS CORPUS** by enclosing a true copy of the said document in a sealed envelope and turning the said envelope over to the custodial personal here at said state prison, for delivery to the United States Post Office, in accordance with established institutional mail procedures addressed as follows;

| | |
|---|---|
| Jerry Brown | UNITED STATES DISTRICT COURT |
| Attorney General Of the | NORTHERN DISTRICT OF CALIFORNIA |
| State of California | US Courthouse |
| 6000 State Building | 450 Golden Gate Avenue |
| San Francisco, CA. 94102 | San Francisco, CA. 94102-3483 |

I declare under penalty of perjury under the law of the State of California the foregoing is true and correct and that this declaration was executed on the 2 day of June, 2008 at Corcoran, California.

*Cameron Hooker*
Cameron Hooker D-18324

Cameron Hooker D-18324
P.O. Box 5248 (A3-178U)
Corcoran, CA. 93212-5248

Confidential Legal Mail

Legal Materials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
US Courthouse
450 Golden Gate Avenue
San Francisco, CA. 94102-3483

RECEIVED
JUN 5 2008

