IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON HOOKER,<br><br>    Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>    Respondent.<br>                                                          / | No. C 08-2887 WHA (PR)<br><br>**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner currently incarcerated at California Substance ABuse Treatment Facility in Corcoran, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

In 1984 a San Mateo County jury convicted petitioner of kidnaping, oral copulation, rape with a foreign object, sodomy, and six counts of rape. In 1985 he was sentenced to an indeterminate term of six to thirty-five years and a determinate term of sixty-nine years. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner alleges that he has exhausted his present claim, which is based on a recent United States Supreme Court decision, *Cunningham v. California*, 127 S. Ct. 856 (2007), in state habeas actions.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

Petitioner contends that the judge wrongly sentenced him to serve the upper terms based on facts not tried to the jury and found by it beyond a reasonable doubt.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000). The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).

///

2

In *United States v. Booker*, 543 U.S. 220 (2005), the Court held that *Blakely* applies to the federal sentencing guidelines and determined that sentences imposed under the guidelines violated the Sixth Amendment if they were based on facts determined by the judge and exceeded the sentences which would have been imposed based solely on facts found by the jury or admitted by the defendant. *Id.* at 288-90. Then, in *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), the Court extended the application of *Apprendi* and *Blakely* to California's determinate sentencing law (DSL), which it held resembled the sentencing scheme invalidated in *Booker*; therefore, its decisions from *Apprendi* to *Booker* pointed to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum. The Court held that California's DSL violated *Apprendi*'s brightline rule because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt. *Id.* at 858.

Here, petitioner contends that the sentence violated his due process rights because imposition of the upper term was based on facts found by the judge, not the jury, and not found beyond a reasonable doubt – that is, he is asserting that the sentence here suffered from the same defects as the sentence in *Cunningham*. The question, however, is whether *Cunningham* and its predecessors apply to him.

In *Teague v. Lane*, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. *Teague v. Lane*, 489 U.S. 288, 310-316 (1989). Petitioner states in the petition that his conviction was affirmed on direct appeal in 1988, and although he says he does not know the date his petition for review was denied by the California Supreme Court, that court's docket shows that the denial was on June 9, 1988. The conviction thus was final on that date. *See* Cal. Rules of Ct. 8.532(b)(2)(A) (denial of review final on date of denial).

Because all of the cases discussed above – *Apprendi*, *Blakely*, *Booker*, and *Cunningham* – were decided after petitioner's conviction was final on June 9, 1988, they apply to his case only if they can be applied retroactively under *Teague*. *Apprendi*, *Blakely*, and *Booker* have all

3

been held not to apply retroactively under *Teague*. *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 665 (9th Cir. 2002) (*Apprendi*); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) (*Blakely)*; *United States v. Cruz*, 423 F.3d 1119, 1122 (9th Cir. 2005) (*Booker*). On the other hand, *Cunningham* was compelled by *Blakely* and thus did announce a new rule. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). *Teague* therefore does not apply to *Cunningham* and it applies retroactively on collateral review.

In short, a *Cunningham* claim such as this one can be considered in a habeas case if the conviction became final after *Blakely* was decided on June 24, 2004, but because *Blakely* itself is *not* retroactive, such a claim cannot be the basis for collateral relief if the challenge is to a conviction that was final before then. In this case the conviction became final long before any of the *Apprendi* line of cases was decided, including *Blakely*, and thus this claim cannot be considered on collateral review. The petition will be dismissed.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. For the reasons set out above, the facts alleged in the petition are not sufficient to show a "'real possibility of constitutional error,'" *Aubut*, 431 F.2d at 689. The petition therefore is summarily **DISMISSED**. *See Calderon,* 98 F.3d at 1108 (legally insufficient habeas petitions subject to summary dismissal). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July   14  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\HOOKER2887.DSM.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CAMERON HOOKER,

        Plaintiff,

  v.

KEN CLARK et al,

        Defendant.

Case Number: CV08-02887 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cameron Hooker
D-18324/ A3-178U
California Substance Abuse Treatment Facility
PO Box 5248
Corcoran, CA 93212-5248

Dated: July 14, 2008

                                Richard W. Wieking, Clerk
                                By: D. Toland, Deputy Clerk